GREENFIELD *vs.* MANNING AND WIFE, ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE OF THE SECOND PRESIDING.

The appellee may ask for an amendment of his judgment, on the day preceding the hearing of the case, or at any time before it is called for trial. The circumstance of the hearing and trial coming on soon afterwards, without opposition, cannot deprive the appellee of his right to the amendment, asked for in due time.

The allowance made by the jury to the defendants, for their improvements, show they were considered as possessors in good faith; and consequently the plaintiff is not entitled to the fruits and revenues of the land.

When on an attentive examination of the evidence, it does not warrant the court to interfere with the verdict, the case will not be remanded.

This is a petitory action, in which the plaintiff, who resides in the State of Mississippi, sues to recover a tract of one thousand and twenty-five arpents of land, lying in the parish of East Baton Rouge, in the possession of one Sarah Roach, since married to the defendant, James Manning. The plaintiff shows that she purchased the land in controversy, of one Jesse Roach, brother of her then husband, Benjamin Roach, by public act passed before the parish judge of East Baton Rouge, dated the 25th March, 1816, with her own money, as she alleges, for the sum of three thousand dollars; she further alleges, that the defendants have been in possession six years, and that the rents are worth three hundred dollars per annum, amounting to eighteen hundred dollars, for which she prays judgment, and for the possession of the land with all its improvements, and that she be declared to have the true title thereto:

The defendants pleaded a general denial, and that the plaintiff's title was fraudulent and simulated, that the vendor had no right to the premises, at the time of the sale; they plead title in themselves, and prescription, being in possession.

In a supplemental answer, the defendants plead lesion, that it was sold by the brother of defendant's wife, for

less than one-half its real value; that they possess the land in good faith, and have made improvements thereon, worth five thousand dollars, which they pray to be allowed, in case of eviction; and that the sale of plaintiff be cancelled as being made in fraud and lesion; and that in case the sale be sustained, they pray to be decreed to be the absolute owners of one-half of the land.

After the issue made up between the original parties, one Charles M'Micken, a citizen of Pennsylvania, intervened and claimed four hundred and ten arpents of the disputed premises, in virtue of a Spanish requette, dated in 1798, and an order of survey, dated New-Orleans, January 2d, 1799, signed by Manuel Gayoso de Lemos, then governor general of Louisiana, and granted to one William Coleman; that Coleman sold to the intervenor by private act, in the state of Mississippi, dated in 1814. He prays to be permitted to intervene, and declared to be the legal owner of said four hundred and ten arpents, and be put in possession thereof.

The defendants pleaded a general denial to the petition in intervention; set up title and possession, and rely upon the prescription of ten years, &c.

Upon these issues the parties went to trial. The jury, after hearing all the evidence, returned the following verdict: "we of the jury, find a verdict for the plaintiff, for one thousand and twenty-five arpents of land; and two thousand dollars to the defendants, for the improvements."

After an unsuccessful attempt to obtain a new trial, the defendants appealed from the judgment, confirming the verdict.

The appeal was granted, February 2d, 1833, returnable to the Supreme Court, sitting at Baton Rouge, the first Monday in August following. The sheriff returned, that he served the citation of appeal on the appellee, the 8th January, 1833, by delivering a copy of the petition and citation of appeal, to the attorney of the appellee, she residing out of the state.

The defendants and appellants failed to bring up the appeal; and now, at the August term, 1834, the appellee filed a transcript of the record of appeal, and insisted on a trial.

*Margin note:* WESTERN DIST. *August*, 1834. GREENFIELD *vs.* MANNING ET ALS

They had previously served a notice, in February, 1834, on the appellants, notifying them that the appeal would be brought up by them.

*Lawrence and Morgan,* for the plaintiff and appellee, contended, that the appellants having failed to bring up and file in this court, the record of appeal must be considered as having abandoned the appeal, and cannot complain of any part of the judgment, which may be affirmed or modified, at the instance of the appellee.   *C. Pr.* 588, 590, 592.

2.   The appellee prays, that the judgment decreeing the land in controversy, to belong to the plaintiff, may be affirmed with costs; that the part of the judgment, which awards the value of the improvements to the defendants, be reversed, the evidence showing the defendants were possessors in bad faith.   1 *Martin, N. S.* 405.   8 *Martin, N. S.* 608.

3.   The appellee is entitled to fruits from the institution of suit, and the time of making the demand on the defendants.   8 *Martin, N. S.* 608.

*A. N. Ogden, contra,* suggested that as there was no appeal filed by the appellants, that it must be considered as abandoned by them.   That the plaintiff and appellee, can only bring up the record, at the lapse of three days from the return day, and have the judgment affirmed, in order to take out execution.   But in this case, more than a year having expired since the return day of the appeal, and the record not having been brought up by the appellants, must be considered as abandoned.   There is in fact, no appeal.   He also contended, there was no service of citation on the appellee, and he could not voluntarily come into court without it.

*Martin, J.,* delivered the opinion of the court.

This is a petitory action.   The defendants are appellants from the judgment, which decrees the land in contest, to belong to the plaintiff.   The citation of appeal was served on the latter, who has brought up the transcript of the record, the

defendants and appellants having neglected to file it. He
prays for an amendment of the judgment, in that part of it,
which allows the defendants the value of their improvements,
and asks this court to declare him entitled to the fruits
and rents of the land, and that the case may be remanded to
ascertain their value.

The defendants contended, that the *prayer* for the amendment of the judgment ought to be disregarded, as it was filed
on the day preceding the hearing of the cause, and consequently, not three days before the day fixed for the trial.

The case was not fixed for trial on any particular day. On
the first day of the present term, the court informed the bar
that it would, on the following day, hear such cases which
might be ready to be submitted, and take up, on the next day
thereafter, the causes in the order in which they stood on the
docket, and so continue through, until all the cases were
called and disposed of; which was assented to by the bar.

As the amendment was asked for, at a time when the case
was not yet set down for trial on any particular day, the
appellee was in time. The circumstance of the hearing and
trial of the case, coming on soon afterwards without any
opposition, cannot deprive him of his right to the amendment,
asked for in due time.

On the merits, the allowance made by the jury to the
defendants, for their improvements, show they were considered as possessors in good faith. We have attentively
examined the evidence, and it does not appear to us, that any
part of it would justify our interference with the verdict.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.

WESTERN DIST.
*August,* 1834.

GREENFIELD
*vs.*
MANNING ET ALS

The appellee
may ask for an
amendment of
his judgment, on
the day preceding the hearing
of the case, or at
any time before
it is called for
trial. The circumstance of the
hearing and trial
coming on soon
afterwards, without opposition,
cannot deprive
the appellee of
his right to the
amendment, asked for in due
time.

The allowance
made by the jury to the defendants, for their
improvements,
show they were
considered as
possessors in
good faith; and
consequently the
plaintiff is not
entitled to the
fruits and revenues of the land.

When on an
attentive examination of the evidence, it does
not warrant the
court to interfere
with the verdict,
the case will not
be remanded.